```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
 LOREN DAWSON,

                    Petitioner,
                                                    ORDER
           -against-                             20-CV-4414(EK)

 CYNTHIA BRANN, Comm. NYC DOC;
 WARDEN DUNBAR,

                    Respondents.

----------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Petitioner Loren Dawson filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2017 criminal conviction.  Petitioner is proceeding *pro se* and is currently incarcerated at the George R. Vierno Center on Rikers Island.  His request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted.  The petition, however, is dismissed because it is premature.

## I. Background

        Following a jury trial, Petitioner was convicted in New York State Supreme Court of attempted assault, assault, and criminal possession of a weapon.  *See* Petition, ECF No. 1.  Petitioner appealed, and the Appellate Division of the Supreme Court, Second Department, reversed the conviction and ordered a

1

new trial.  *See People v. Dawson*, 115 N.Y.S.3d 360, 361-62 (N.Y. App. Div. 2d Dept. 2019).

After that ruling, and apparently in anticipation of a new trial, Petitioner filed the instant petition.  He raises the following claims for habeas relief: (1) the evidence in his first trial was insufficient to support his conviction; (2) the prosecution engaged in misconduct; (3) the trial court improperly instructed the jury; and (4) his trial counsel improperly waived his right to appear at grand jury proceedings without his consent.  *See* Petition at 5-10.  Based on these claims, Petitioner asks this Court to dismiss the pending indictment with prejudice.  *See id.* at 14.

A federal court has jurisdiction to hear a petition for writ of habeas corpus pursuant to Section 2254 only when the petitioner is "in custody pursuant to the *judgment* of a State court."  28 U.S.C. § 2254(a) (emphasis added); *Henry v. Davis*, No. 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011).  With limited exceptions, a petitioner must exhaust all available state-court remedies before seeking relief under Section 2254.  *See* 28 U.S.C. § 2254(b); *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001).

Here, Petitioner's direct appeal resulted in an order for a new trial.  The state-court proceedings are ongoing, and

2

"there has been no judgment or adjudication on the merits." *See Williams v. Horn*, No. 06-CV-3068, 2006 WL 2333874, at *1 (E.D.N.Y. Aug. 9, 2006) ("[B]ecause the criminal proceedings are ongoing, there has been no judgment or adjudication on the merits of petitioner's claims and therefore, this § 2254 petition is premature."); *Etheridge v. Bantum*, 532 F. Supp. 719, 720 (S.D.N.Y. 1982) (habeas petitioner was "not in custody pursuant to a state court judgment" after state appellate court reversed his conviction and ordered a new trial). It is "well-settled that the habeas corpus statute cannot be used to 'permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Williams*, 2006 WL 2333874, at *1 (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973)). As there is no indication that Petitioner was retried and convicted after the state court ordered a new trial, this Court cannot hear his claims for habeas relief at this time.

In light of Petitioner's *pro se* status, the Court has also considered whether the petition should be construed as arising under Section 2241, which permits habeas corpus review for prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Wells v. Annucci*, No. 19-CV-3841, 2019 WL 2209226, at

\*2 (S.D.N.Y. May 21, 2019) ("[A] petition brought under 28 U.S.C. § 2241 is generally the proper vehicle for a state prisoner who has *not yet* been convicted but argues that he is in custody in violation of the Constitution or laws or treaties of the United States.") (cleaned up). This Court's jurisdiction to adjudicate a petition under Section 2241 extends to claims brought by a pre-trial detainee. *See, e.g.*, *United States v. McGriff*, 468 F. Supp. 2d 445 (E.D.N.Y. 2007) (federal courts have "jurisdiction to entertain a habeas petition challenging the conditions of pretrial confinement under Section 2241"). However, the petitioner is still required to exhaust all available remedies at the state level before seeking relief in federal court. *See Allen v. Maribal*, No. 11-CV-2638, 2011 WL 3162675, at \*1 (E.D.N.Y. July 25, 2011).

In asking this Court to dismiss the indictment, Petitioner does not claim that he is in custody in violation of the laws of the United States, as required under Section 2241, and in any event he does not indicate that he has exhausted his state-court remedies with respect to such a claim. *See United States ex rel. Scranton,* 532 F.2d 292, 294 (2d Cir. 1976) (pretrial detainee challenging denial of speedy trial not entitled to habeas relief where state remedies had not been exhausted). Finally, even if he had exhausted his state-court

4

remedies, this Court would not intervene in an ongoing state criminal proceeding absent "extraordinary circumstances."  *See Schulte*, 2020 WL 7211887, at *2 (citing, *inter alia*, *Younger v. Harris,* 401 U.S. 37 (1971)).

Because it is clear from the face of the petition that Petitioner is not entitled to relief in this Court, the petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  *See* Rule 4 ("If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## II. Conclusion

Accordingly, the petition for a writ of habeas corpus is dismissed without prejudice as premature.  As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be

taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

      /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:  Brooklyn, New York
        December 28, 2020